Teresa Marie **LORENZ**, Plaintiff,

v.

Dane Brandon **LORENZ**, Defendant.

**1:93CV115SNL.**

United States District Court,
E.D. Missouri,
Southeastern Division.

June 20, 1994.

Walter S. Drusch, Lowes & Drusch, Cape Girardeau, MO, for plaintiff.

Jonah T. Yates, Oliver Law Firm, Cape Girardeau, MO, for defendant.

## MEMORANDUM

LIMBAUGH, District Judge.

Plaintiff has filed this action against her ex-spouse alleging violation of the Omnibus Crime Control Act (better known as the Federal Wiretapping Act), 18 U.S.C. § 2510 *et seq.*, with regard to the taping of certain phone conversations between the plaintiff and third parties from April 6 through April 9, 1993. This matter is before the Court on the plaintiff's motion for summary judgment (# 6), filed May 6, 1994. Responsive pleadings have been filed. This cause of action is set for trial on the Court's trial docket of June 20, 1994.

■ Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.*, 838 F.2d 268, 273 (8th Cir.1988).

■ Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

■ In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.

■ According to the defendant's deposition testimony[1], after he and the plaintiff separated, he decided to install a wiretap on the phone in the marital house which his wife and children occupied. Although he no longer occupied the house, he still had access to it. Sometime prior to April 6, 1993, he entered the house, during his wife's absence and without her knowledge or permission, and installed the wiretap. He tapped the phone because he was "concerned about my children and their welfare" and "about the things that she [the plaintiff] was doing in my home." Plaintiff's Exhibit A, pg. 34.

He taped several phone conversations between his wife and third parties from April 6 through April 9, 1993. The wiretapping was

---

1. Plaintiff has filed in support of her motion, a copy of a portion of the deposition taken of the defendant during their divorce proceedings. Plaintiff's Exhibit A. The relevant portion of the deposition are pages 32–34.

done without the consent or knowledge of the plaintiff or any of the parties to the conversations. Defendant claims that the tapes he made have since been destroyed. Plaintiff's Exhibit A, pg. 33. During a period of reconciliation, the defendant told the plaintiff (and she told the third parties) of the wiretapping. Plaintiff's Exhibit A, pg. 34. This cause of action was filed on July 15, 1993; within two (2) years of the date of the violations. *See,* 18 U.S.C. § 2520(e).

Plaintiff seeks damages of $10,000.00 as provided in 18 U.S.C. § 2520(c)(2)(B).

It is clearly undisputed that the defendant violated the plaintiff's rights by wire-tapping the marital home while they were separated. He fully admits to having done so without his (ex)wife's knowledge or permission. Normally, this would end any further discussion and summary judgment would be granted to the plaintiff. However, defendant asserts that having acknowledged to his (ex)wife the occurrence of his unlawful act, she agreed to enter into a property settlement by which she would dismiss the instant action with prejudice upon the defendant paying to her the total sum of $50,000.00 on or before April 1, 1994. He asserts that he diligently applied for a loan in the sum of $50,000.00 from the Capital Bank of Cape Girardeau; however, due to certain circumstances, the loan could not be closed until April 13, 1994. Meanwhile, on January 12, 1994 he tendered to his (now) ex-wife the sum of $10,000.00. On April 13, 1994 his loan was closed whereupon he tendered the proceeds of the loan to his ex-wife. Defendant contends that his former spouse and her attorney were apprised by the Bank of the April 13th closing, and that they did not object. Defendant asserts that his full performance, albeit on April 13, 1994, constitutes an accord and satisfaction of the agreement and that this action should be dismissed with prejudice.

Plaintiff contends that according to the agreement, defendant was to tender $50,-000.00 within thirty (30) days of the date of the agreement (agreement was signed on November 30, 1993 [2]) and that the $10,000.00 paid on January 12, 1994 was merely a "late"

first payment. Plaintiff further contends that, under the agreement, the April 1, 1994 date was simply a date which allowed plaintiff to continue this lawsuit if she was not paid in full by that time. Since she was not paid in full until April 13, 1994, plaintiff has the right to pursue her additional remedies pursuant to the Federal Wire-tapping Act.

Defendant has submitted a copy of the entire Property Settlement Agreement entered into by the parties; along with a copy of a letter sent by John N. Thompson (Vice–President of Capital Bank of Cape Girardeau) to the defendant's counsel regarding the loan transaction. Defendant's Exhibits A and C. After careful review of these documents, it is clear to the Court that this cause of action should be dismissed with prejudice.

Plaintiff contends that pursuant to the Agreement, defendant was obligated to pay her $50,000.00 within thirty (30) days of the date of the Agreement, and an additional $10,000.00 over the next three (3) years, and if the initial $50,000.00 was not paid by April 1, 1994 plaintiff was not obligated to dismiss this instant lawsuit. Defendant contends that the April 1, 1994 date was merely a "target date", and that since he paid the plaintiff all monies due her shortly after the "target date", plaintiff was obligated to dismiss the lawsuit. Both parties are mistaken in their interpretation and application of the property settlement agreement.

Section V—PROPERTY PROVISION FOR WIFE reads in relevant part:

"In exchange for Wife releasing her marital interest in said business, the equipment and property associated therewith and the parcels of real property upon which said business is located and upon which the marital residence is located, and for those other items of property which Husband receives by virtue of this instrument or in accord herewith, Husband warrants and agrees to pay over to Wife the total sum of sixty thousand dollars ($60,000.00). Fifty thousand dollars ($50,000.00) thereof shall be paid to Wife within thirty (30) days hereof, and the remaining ten thousand ($10,000.00) shall be evidenced by a prom-

**2.** Plaintiff contends that the property settlement agreement was entered into on November 15, 1993; however, the evidence before the Court indicates that the property settlement was entered into by the parties on November 30, 1993.

issory note which Husband shall immediately execute in Wife's favor in said sum of ten thousand dollars ($10,000.00) which shall accrue interest at the rate of eight percent (8%) per annum and be paid ratably, that is, in equal payments, monthly, for a period of three (3) years ...".

. . . . .

"Wife shall be entitled to remain in the marital residence located upon said previously mentioned parcels of real property for at least a period of sixty (60) days from and after January 1, 1994. However, in the event Husband does not pay over said fifty thousand dollar (sic) ($50,000.00) sum to her her until after January 1, 1994, then Wife shall be entitled to remain in said marital premises until sixty (60) days after said fifty thousand dollar (sic) ($50,000.00) payment is received by her in full."

. . . . .

"For purposes of clarification, Wife shall be entitled to occupy without any cost except telephone service, the marital residence for a sixty (60) day period from and after January 1, 1994. In the event that she does not receive said initial fifty thousand dollar (sic) ($50,000.00) payment called for, then she shall be entitled to continue to occupy said marital residence under the same terms and circumstances, that is, with no charge to her except telephone service, until sixty (60) days after she receives said fifty thousand dollar (sic) ($50,000.00) payment from Husband."

**Section VI—MISCELLANEOUS ITEMS** reads in relevant part:

"As part of this agreement, Wife acknowledges and agrees that she will have that cause of action dismissed without prejudice which is now pending against Husband in the United States District Court for the Eastern District of Missouri, Southeastern Division, and which was filed by Wife as a result of an alleged wiretap by Husband of Wife's telephone lines without her consent and knowledge. If the above mentioned payment of fifty thousand dollars ($50,-000.00) is not made to Wife on or before April 1, 1994, then it is agreed that Wife may reinstitute said cause of action and proceed to prosecute the same to conclusion, but such shall not diminish Husband's

obligations hereunder, including said fifty thousand dollar (sic) ($50,000.00) payment to Wife, and any recovery which she receives shall be in addition to Husband's other obligations provided herein. If the fifty thousand dollar (sic) ($50,000.00) payment is made before April 1, 1994, then Wife shall dismiss said claim with prejudice."

The property settlement agreement is unambiguous as to the import of the $50,000.00 payment, and the consequence of tendering it after April 1, 1994. It is clear that in exchange for plaintiff giving up her marital interest in the parties' business and marital residence, defendant was to pay the plaintiff $50,000.00 by December 30, 1993 and an additional $10,000.00 over the next three (3) years. However, if the $50,000.00 was not paid by January 1, 1994 plaintiff was entitled to stay in the marital home, free of charge except for telephone service, for a period of sixty (60) days following the date whenever the $50,000.00 payment was made.

There is nothing in the property settlement agreement which ties the payment of the $50,000.00 by December 30, 1993 to the plaintiff's dismissal of this cause of action. The only connection between the $50,000.00 payment and dismissal of this action is that if the plaintiff did not receive her money by April 1, 1994 she was entitled to continue with this litigation. Contrary to the defendant's assertion, the agreement is clear that April 1, 1994 was a **deadline,** not a "target date".

Although the defendant did not tender his $50,000.00 payment to the plaintiff until shortly after the April 1st deadline had expired, the Court finds that defendant did fully comply with the requirements of the property settlement agreement. Firstly, the Court notes that plaintiff never did dismiss this case without prejudice as she was required under Section VI. It would be unfair of this Court to penalize the defendant for his lateness, when in fact, the plaintiff did not comply with the requirements of Section VI either.

Secondly, and most importantly, the plaintiff does not dispute the defendant's contention that she and her attorney were informed by Mr. Thompson of the difficulty in closing

the defendant's loan in time to meet the April 1, 1994 deadline. Plaintiff does not dispute the defendant's contention that she and her attorney acquiesced to extending the deadline to April 14, 1994. Plaintiff does not dispute the fact that she received her money on April 13, 1994.

Since it is undisputed that plaintiff and her attorney were contacted by the Bank as to the need to close the loan after April 1, 1994, and since it is undisputed that the plaintiff and her attorney agreed to extend the April 1st deadline to April 14th, the Court finds that the parties modified, by oral agreement, the deadline date of April 1, 1994. Consequently, the defendant has complied with the provisions of Section VI of the agreement and this case should be dismissed with prejudice.